# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Steven Eric Gould,<br><br>    Petitioner<br><br>v.<br><br>Joseph Lombardo, et al.,<br><br>    Respondents | Case No.: 2:20-cv-00364-JAD-BNW<br><br>**Order Granting IFP Status and<br>Directing Petitioner to Show Cause<br>Why this Action Should Not Be Dismissed**<br><br>[ECF No. 1] |

    Pro se petitioner Steven Eric Gould petitions for a writ of habeas corpus under 28 U.S.C. § 2241 to challenge his state-court prosecution and pretrial detention at the Clark County Detention Center (CCDC). Gould initiated this action by filing an application to proceed *in forma pauperis*, along with his habeas corpus petition (attached to application to proceed *in forma pauperis*).[1] The financial information provided with Gould's application to proceed *in forma pauperis* indicates that he is unable to pay the filing fee for this action. So I grant his application, and he will not be required to pay the filing fee.

    I also take this opportunity to conduct the initial review of Gould's petition under Rule 4 of the Rules Governing Section 2254 Cases. Based on that review, it appears that three of Gould's claims are subject to summary dismissal and his remaining claims are wholly unexhausted and barred under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971). So, **I give Gould until May 7, 2020, to show cause in writing why his petition should not be dismissed.**

---

[1] ECF No. 1.

### A. The Petition

Gould's habeas petition alleges four grounds for relief. First, he claims that the State violated his rights under the Interstate Agreement on Detainers (IAD) because the prosecuting attorney made a demand for custody on November 26, 2018, but refused to accept temporary custody in violation of Article V(c) of the Agreement.[2] Second, he claims that the charging documents in his case fail to state a basis for subject-matter jurisdiction and violate the Fourth and Fifth Amendments to the U.S. Constitution.[3] Third, he claims that he is "a sovereign living man with foreign sovereign immunity," which makes him exempt from the jurisdiction of the state courts of Nevada.[4] Fourth, he alleges that the State of Nevada and the prosecuting attorney "conspired to commit, perjury, kidnapping and/or human trafficking" in relation to his commitment to a psychiatric hospital.[5] With an additional filing entered on March 25, 2020, Gould contends that the state trial court ordered his right to a speedy trial waived as punishment for initiating this federal habeas proceeding, further violating his constitutional rights.[6]

### B. Habeas Rule 4

Under Habeas Rule 4, courts must "promptly examine" each petition and dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is

---

[2] ECF No. 1-1 at 6–7.
[3] *Id.* at 7.
[4] *Id.*
[5] *Id.* at 8.
[6] ECF No. 3.

2

not entitled to relief in the district court."[7] This rule reflects a congressional command[8] that makes it "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."[9] Mere conclusory statements of federal-rights violations, unsupported by specific allegations, do not state a basis for federal habeas relief.[10] And a petition may be summarily dismissed if the allegations in it are "vague, conclusory, palpably incredible, patently frivolous or false."[11]

With the exception of the claims based on the IAD and the alleged involuntary waiver of his right to a speedy trial, all of Gould's claims are subject to summary dismissal under these standards. In addition, it is almost certain that additional impediments prevent this court from adjudicating his colorable claims. For one, it does not appear that Gould has fairly presented his claims to the Nevada courts before proceeding with his federal petition. For another, the federal courts are, in most cases, not permitted to interfere with pending state criminal proceedings.

**C.   Exhaustion**

A state criminal defendant seeking to restrain pending state proceedings via a federal writ of habeas corpus first must exhaust his state-court remedies before presenting his constitutional claims to the federal courts. This exhaustion rule is grounded in principles of judicial restraint that predate and operate independently of the statutory exhaustion requirement in 28 U.S.C. §

---

[7] Rule 4, Rules Governing Section 2254 Cases. Rule 4 applies to a petition brought under section 2241 because the court "may apply any or all of the [Rules Governing Section 2254 Cases] to a habeas petition not covered" therein. Rule 1(b) of the Rules Governing Section 2254 Cases.
[8] *See* 28 U.S.C. § 2243.
[9] Rule 4, advisory committee's notes (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)).
[10] *Mayle v. Felix*, 545 U.S. 644, 655 (2005).
[11] *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (internal citations omitted); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

3

2254.[12] It insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees.[13]

To satisfy the exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available;[14] and the petitioner must have referred in the state-court proceeding to the specific federal law alleged to have been violated and stated the facts that entitle him to relief on the federal claim.[15] Here, however, it appears highly unlikely that Gould has fairly presented his claims to the highest available court in Nevada. If this is true, his petition is unexhausted. So I order Gould to show cause why his petition should not be dismissed without prejudice for complete lack of exhaustion. To successfully show such cause, he will need to demonstrate that the claims and facts on which he bases this federal petition have already been properly and fairly presented to Nevada's highest court by attaching documentary proof of this exhaustion.

**D.   *Younger* Abstention**

It also appears that this court must abstain from considering Gould's claims because his criminal proceedings are still in progress. This general rule, known as *Younger* abstention, recognizes that, even when the claims in a petition have been fully exhausted in the state courts,

---

[12] *See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–92 (1973); *Carden v. State of Montana*, 626 F.2d 82, 83 (9th Cir. 1980); *accord Justices of Boston Muni. Court v. Lydon*, 466 U.S. 294, 333 (1984) (Stevens, J., concurring in part and concurring in the judgment); *Rose v. Lundy*, 455 U.S. 509, 515 (1982) (exhaustion doctrine predates statutory codification); *Ex parte Hawke*, 321 U.S. 114, 117 (1944) (applies to all habeas petitions challenging state custody to avoid interference with the administration of justice in the state courts).

[13] *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

[14] *See Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).

[15] *See Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000).

a federal court will not entertain a habeas petition seeking intervention in a pending state criminal proceeding absent special circumstances.[16] So I also order Gould to show cause why this petition, even if exhausted, should not be dismissed without prejudice under the *Younger* abstention doctrine.

**Conclusion**

**IT IS THEREFORE ORDERED** that petitioner's Application to Proceed *In Forma Pauperis* **[ECF No. 1] is GRANTED**. Petitioner is granted leave to proceed *in forma pauperis*. Petitioner will not be required to pay the filing fee for this action.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to separately **FILE** the petition for writ of habeas corpus [ECF No. 1-1].

IT IS FURTHER ORDERED that **petitioner must SHOW CAUSE in writing by May 7, 2020, why the petition should not be dismissed without prejudice for: (1) lack of exhaustion; and (2) the *Younger* abstention doctrine.** If petitioner maintains that any claims in the petition have been exhausted, petitioner must attach with his response copies of any and all papers that were accepted for filing in the state courts that he contends demonstrate that the claims are exhausted. All factual assertions must be specific and supported by competent evidence.

If petitioner does not timely and fully respond to this order or fails to show adequate cause as required, the entire petition will be dismissed without further advance notice.

. . .

---

[16] *Younger v. Harris*, 401 U.S. 37 (1971).

5

No extension of time will be granted to respond to this order except in the most compelling of circumstances. Nothing in either this court's orders to date or the mere pendency of this action in any manner restrains the state courts from proceeding in a pending prosecution.

Dated: April 7, 2020

_____
U.S. District Judge Jennifer A. Dorsey