# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Steven Eric Gould,

     Petitioner

v.

Joseph Lombardo, et al.,

     Respondents

Case No.: 2:20-cv-00364-JAD-BNW

**Order Dismissing Action**

[ECF Nos. 4, 7]

     Petitioner Steven Eric Gould brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking relief in relation to his pre-trial state custody in the Clark County Detention Center.[1]  He has filed a response[2] to the court's April 7, 2020, order to show cause[3] why this action should not be dismissed based on the *Younger* doctrine or for lack of exhaustion. Because Gould has not made the requisite showing, the court dismisses this case and denies all pending motions.

## Discussion

     The *Younger* doctrine requires federal courts to abstain from interfering with state criminal proceedings absent extraordinary circumstances that create a threat of irreparable injury.[4]  Irreparable injury does not exist if the threat to the plaintiff's federally protected rights may be eliminated by his defense of the criminal case.[5]  And even irreparable injury is

---

[1] ECF Nos. 3, 5.

[2] ECF No. 6.

[3] ECF No. 4.

[4] *See Younger v. Harris*, 401 U.S. 37, 43 (1971).

[5] *Id*. at 46.

insufficient to permit interference with the proceeding unless it is "both great and immediate."[6] "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts."[7]

There is also a procedural barrier to consider.  A state criminal defendant seeking to restrain pending state proceedings via a federal writ of habeas corpus first must exhaust his state court remedies before presenting his constitutional claims to the federal courts.  The exhaustion rule applicable to requests for federal pre-conviction intervention in pending state criminal proceedings is grounded in principles of judicial restraint that predate and operate independently of the statutory exhaustion requirement in 28 U.S.C. § 2254.[8]  To satisfy the exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available.[9]  The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees.[10]

---

[6] *Id.*

[7] *Carden v. Montana*, 626 F.2d 82, 83–84 (9th Cir.) (citation omitted).

[8] *See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973); *Carden v. State of Montana*, 626 F.2d 82, 83 (9th Cir. 1980). *Accord Justices of Boston Muni. Court v. Lydon*, 466 U.S. 294, 333 (1984) (Stevens, J., concurring in part and concurring in the judgment); *Rose v. Lundy*, 455 U.S. 509, 515 (1982) (exhaustion doctrine predates statutory codification); *Ex parte Hawke*, 321 U.S. 114, 117 (1944) (applies to all habeas petitions challenging state custody to avoid interference with the administration of justice in the state courts).

[9] *See Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).

[10] *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

As explained in the order to show cause, the only colorable habeas claims in Gould's petition are an alleged violation of the Interstate Agreement on Detainers (IAD) and an alleged violation of his constitutional right to a speedy trial.[11]  Gould's response to the order to show cause is difficult to follow and contains fantastical allegations (such as repeated assertions that he is vested with rights "as a sovereign and sovereign state").[12]  It appears, however, that Gould's primary contention is that he is being held in violation of his right to a speedy trial.  As the Ninth Circuit has explained, a claimed violation of the Speedy Trial Clause in and of itself is not an independent "extraordinary circumstance" necessitating pre-trial habeas consideration.[13] "[A]bsent specifically defined extraordinary circumstances, principles of federalism and comity prohibit a federal district court from entertaining a pre-conviction habeas petition that raises a Speedy Trial claim as an affirmative defense to state prosecution."[14]  In the absence of an injury independent of the Speedy Trial violation itself, the appropriate remedy is for Gould to bring his Speedy Trial claim after his trial and conviction.[15]

Gould concedes that he has not exhausted his state remedies.[16]  He claims, without elaboration, that exhaustion is not possible without waiving his constitutional rights.[17]  The court assumes that Gould is referring to the requirement under Nevada law that a pre-trial habeas petitioner waive the statutory 60-day limitation for bringing an accused to trial.[18]  The Nevada

---

[11] ECF No. 4 at 3.

[12] ECF No. 6.

[13] *Brown v. Ahern*, 676 F.3d 899, 901 (9th Cir. 2012).

[14] *Id*. at 900.

[15] *Id*. at 901.

[16] ECF No. 6 at 14.

[17] *Id*.

[18] *See* Nev. Rev. Stat.§ 34.700(1)(b).

Supreme Court has held, however, that requiring "a waiver of the sixty day rule, as a condition precedent of the right to pursue pretrial habeas corpus, a statutory right, does not equate to a waiver of the constitutional right to a speedy trial."[19]

### Conclusion

In sum, the court concludes that Gould's petition is wholly unexhausted in state court and that this action is barred by the *Younger* abstention doctrine. So the court dismisses this action without prejudice to Gould's ability to seek redress for any violation of his federal rights once his state criminal proceedings have concluded and he has exhausted his claims in state court.

IT IS THEREFORE ORDERED that **this action is DISMISSED** without prejudice.

IT IS FURTHER ORDERED that Gould's "petition for emergency injunction" **[ECF No. 7] is DENIED** as moot.

IT IS FURTHER ORDERED that **a certificate of appealability is denied** because jurists of reason would not find the court's dismissal of this action to be debatable or incorrect.

IT IS FURTHER ORDERED that the Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

Dated: May 28, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[19] *Randolph v. Sheriff, Clark Cty.*, 569 P.2d 408, 410 (Nev. 1977).